**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 98-7274**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND G. GERTH,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville.  Malcolm J. Howard, District Judge.  (CR-93-28-3, CA-97-944-5-H)

───────────────

Submitted:  December 30, 1998          Decided:  March 9, 1999

───────────────

Before WILKINS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Raymond G. Gerth, Appellant Pro Se.  Robert Edward Skiver, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM

Appellant seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). We have reviewed the record and the district court's opinion and find no reversible error. While summary judgment on Appellant's ineffective assistance of counsel claims should not have been based upon an improperly sworn affidavit,[*] summary judgment was nevertheless properly granted on all such claims. We dismiss the balance of Appellant's claims on the reasoning of the district court. United States v. Gerth, No. CR-93-28-3; CA-97-944-5-H (E.D.N.C. Aug. 6, 1998). Accordingly, we deny a certificate of appealability. We also deny Appellant's motion for the appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] In support of its motion for summary judgment, the Government included an affidavit by Gerth's counsel, Jeffrey L. Starkweather, addressing Gerth's ineffective assistance claims. (R. 51, Ex. B). The affidavit does not indicate that the attorney's statement was made under the penalty of perjury. Further, the notary's attestation clause recites that "William E. Scott," not Starkweather, appeared before her.